UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-0239 AG (DTBx) | Date | February 12, 2013 |
|---|---|---|---|
| Title | AFSANEH GIBBS v. JP MORGAN CHASE BANK | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Plaintiff Afsaneh Gibbs ("Plaintiff") filed this foreclosure-related lawsuit against Defendant JP Morgan Chase Bank ("Defendant"). Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion").

The Court GRANTS in part and DENIES in part Defendant's Motion.

**BACKGROUND**

The following factual allegations come from Plaintiff's Second Amended Complaint ("SAC"). As it must in ruling on a motion to dismiss, the Court assumes them to be true.

Plaintiff had a loan with Defendant for a property located at 1546 Pleasant Lane, Lafayette, California ("the Property"). (SAC, Dkt. No. 53, ¶ 7.) In May 2009, Defendant approached Plaintiff with a "Trial Plan Agreement" ("TPA"). (SAC Exh. A.) The TPA asked Plaintiff to make three consecutive payments of $2,172.01 from June to August 2009, and said that "if all payments are made as scheduled, [Defendant] will reevaluate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-0239 AG (DTBx) | Date | February 12, 2012 |
|---|---|---|---|
| Title | AFSANEH GIBBS v. JP MORGAN CHASE BANK | | |

[her] application for assistance and determine if [Defendant is] able to offer [her] a permanent workout solution to bring [her] loan current." (*Id.*)

Plaintiff then made the three payments. (SAC ¶ 15.) Over the following months, Plaintiff was told by Defendant's customer service personnel that "everything was good" and that the underwriters were preparing the necessary paperwork to modify her loan. (SAC ¶ 23.) But Plaintiff was never given any written loan modification agreement, and was eventually notified that the Property was scheduled to be sold at a trustee sale. (SAC ¶ 25.)

Plaintiff contacted Defendant's representatives, who told her that "too much time had passed" and a loan modification could not be made at that time. (SAC ¶ 27.) Instead, in a letter dated October 18, 2010, Defendant approached Plaintiff with a Trial Period Plan ("TPP") asking Plaintiff to make three consecutive payments of $2,745.95 from December 2010 to February 2011. (SAC, Exh. B.) The TPP states in part:

> "After successful completion of the TPP, we will send you a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount as well as any other changes to the term of your Loan."

(SAC, Exh. B, at 2.)

Plaintiff contends that she provided the required documentation and made all three payments. (SAC ¶ 36.) But no loan modification agreement was provided to her. (SAC ¶¶ 43, 52.)

Plaintiff brought an action for, among other things, enforcement of the TPA and TPP.

Defendant now brings a Motion to Dismiss Plaintiff's SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-0239 AG (DTBx) | Date | February 12, 2012 |
|---|---|---|---|
| Title | AFSANEH GIBBS v. JP MORGAN CHASE BANK | | |

**PRELIMINARY MATTERS**

In connection with its Motion, Defendant has filed a Request for Judicial Notice, asking that the Court take judicial notice of the following five documents:

1. The deed of trust encumbering the Property.
2. The Purchase and Assumption Agreement whereby Defendant acquired the loan encumbering the Property.
3. The Notice of Default.
4. A Notice of Trustee's Sale.
5. A Second Notice of Trustee's Sale.

(Defendant's Request for Judicial Notice, Dkt. No. 56-2.)

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original).

The Court GRANTS Defendant's request as to items 1, 3, 4, and 5 only.

Further, Defendant argues that the Court should not consider Plaintiff's Opposition because it was not filed on time. (Reply to Plaintiff's Opposition ("Reply"), Dkt. No. 63, at 1-2.) Plaintiff's Opposition was filed 4 days late. *See* L.R. 7-9. Although the Court has discretion to decline to consider any late-filed motion, L.R. 7-12, the Court does not believe that justice would be served by preventing Plaintiff from opposing such a significant matter. Thus, the Court will consider Plaintiff's Opposition even though it was untimely filed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-0239 AG (DTBx) | Date | February 12, 2012 |
|---|---|---|---|
| Title | AFSANEH GIBBS v. JP MORGAN CHASE BANK | | |

## **LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010).

In a recent foreclosure-related case, the Ninth Circuit stated that "[c]omplaints need only allege facts with sufficient specificity to notify defendants of plaintiffs' claims." *Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 790 (9th Cir. 2011). "[S]o long as the plaintiff alleges facts to support a theory that is not factually implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds." *Id.* at 791 (quoting *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008)).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct at 1940 (citing *Twombly*, 550 U.S. at 556). "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. Sept. 12, 2012). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-0239 AG (DTBx) | Date | February 12, 2012 |
|---|---|---|---|
| Title | AFSANEH GIBBS v. JP MORGAN CHASE BANK | | |

effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The complaint must also "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

If the Court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

## ANALYSIS

Defendant moves to dismiss all of Plaintiff's claims for relief on a number of grounds. The Court will address each of Plaintiff's claims in turn.

**1.    Claim 1: Breach of Contract**

As an initial matter, the Court notes that Plaintiff is unclear as to the exact nature of her claim. Although Plaintiff explicitly states that "[t]he basis of this claim is that the loan modification was never offered by the Defendant," (Opp'n, at 3) Plaintiff also asserts that the TPP was a loan modification offer with specific terms that was accepted by Plaintiff. (Opp'n, at 5-6.)

As it has previously done, Defendant makes compelling arguments that the TPA and TPP do not constitute permanent loan modification agreements. (Motion, at 4, 5.) For example, the TPA states that "[i]f all payments are made as scheduled, we will reevaluate your application for assistance and determine if we are able to offer you a permanent workout solution to bring your loan current." (SAC Exh. A.) Similarly, the TPP contains

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-0239 AG (DTBx) | Date | February 12, 2012 |
|---|---|---|---|
| Title | AFSANEH GIBBS v. JP MORGAN CHASE BANK | | |

the explicit language that "[t]his TPP is not a permanent modification." (SAC Exh. B.) The Court again finds that under their express terms, the TPA and the TPP do not constitute permanent loan modification agreements. Thus, to the extent that Plaintiff is claiming that Defendant breached the terms of a loan modification agreement, Plaintiff fails to state a claim.

But to the extent that Plaintiff is asserting only that Defendant was obliged to offer Plaintiff *a* loan modification under the TPA and TPP, Plaintiff has stated a breach of contract claim. Plaintiff alleges, among other things, that Defendant did not evaluate Plaintiff's application and determine if she was qualified for a permanent workout solution. (SAC ¶ 14.) Plaintiff further alleges that this failure harmed Plaintiff in the amount of the trial payments. (*See, e.g.*, SAC ¶¶ 20, 54, 56.)

The Court finds that Plaintiff has stated a claim for breach of contract.

**2.      Claim 2: Breach of Implied Covenant of Good Faith and Fair Dealing**

"To establish a breach of an implied covenant of good faith and fair dealing, a Plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's right to benefit from the contract." *Fortaleza v. PNC Financial Services Group, Inc.*, 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009) (citing *Racine & Laramie v. Dep't of Parks & Rec.,* 11 Cal. App. 4th 1026, 1031(1992)).

Given that Plaintiff was not, as previously determined, contractually entitled to a specific loan modification, Plaintiff cannot assert that the deprivation of the loan modification frustrated her right to benefit from the contract.

To the extent that Plaintiff may be entitled to an evaluation and offer for a loan modification, Plaintiff has failed to adequately allege that Defendant frustrated her ability to receive those benefits. Instead, Plaintiff alleges that Defendant simply breached the express terms of the TPA and the TPP. *See Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031-32, 14 Cal. Rptr. 2d 335, 338 (1992) ("In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-0239 AG (DTBx) | Date | February 12, 2012 |
|---|---|---|---|
| Title | AFSANEH GIBBS v. JP MORGAN CHASE BANK | | |

essence, the covenant is implied as a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract.") (emphasis in original).

Thus, Court finds that Plaintiff has failed to state a claim for breach of implied covenant of good faith and fair dealing.

### 3.     Claim 3: Promissory Estoppel

To state a claim for promissory estoppel, Plaintiff must allege facts showing "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal. App. 3d 885, 890, 131 Cal. Rptr. 836 (Ct. App. 1976)

The Court notes that Plaintiff has not sufficiently alleged clear and unambiguous terms of a loan modification. But Plaintiff has stated a clear and unambiguous promise by Defendants to evaluate Plaintiff and offer her a modification. Plaintiff has also sufficiently alleged that she reasonably and foreseeably relied on Defendants promise, and that such reliance deprived Plaintiff of the trial plan payments. (Complaint, ¶¶ 70-72.)

The Court finds that Plaintiff has stated a claim for promissory estoppel.

### 4.     Claim 4: Unlawful Business Practices

Plaintiff alleges that Defendant has violated Section 17200 of the California Business & Professions Code by engaging in an unlawful, unfair, or fraudulent business practice. But Plaintiff fails to adequately allege sufficient factual matter and at times "simply recite[s] the elements of the cause of action." *Starr,* 652 F.3d at 1216 (9th Cir. 2011). For example, as to the alleged "unfair" business practices, Plaintiff merely recites the element that "injury to other consumers is substantial and the injury caused is not outweighed by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-0239 AG (DTBx) | Date | February 12, 2012 |
|---|---|---|---|
| Title | AFSANEH GIBBS v. JP MORGAN CHASE BANK | | |

the benefits obtained or the competition." (SAC ¶ 78.)

Plaintiff has failed to state a claim for unlawful business practice under California Business & Professional Code 17200 *et seq*.

### 5.     Claims 4, 5, 6: Willful Misrepresentation, Fraud, and Promise Made Without Intent to Perform

Defendant contends that Plaintiff's Fourth, Fifth, and Sixth Claims are all claims sounding in fraud, and thus must be stated with particularity, subject to Fed. R. Civ. P. 9(b)'s heightened pleading requirements. (Motion, at 13.) Plaintiff does not dispute that the heightened pleading requirements apply but instead insists that all of the elements have been adequately alleged. (Opp'n at 19-20.) Plaintiff's SAC includes a single specific communication between Plaintiff and Defendant and the conclusory allegation that "the representations . . . were false." (SAC ¶ 101.) But the Court finds that Plaintiff has failed to plead all the elements of these claims for relief with sufficient particularity.

Accordingly, Plaintiff has failed to state claims for willful misrepresentation, fraud, or promise made without intent to perform.

### 6.     Claim 7: Financial Elder Abuse

To state a claim for Financial Elder Abuse, Plaintiff must allege facts which establish that an entity:

> (1) takes, secretes, appropriates, or retains real or personal property of an elder or dependant adult for a wrongful use or with intent to defraud, or both; or
> (2) assists in doing the same for a wrongful use or with intent to defraud, or both; or
> (3) does or assists in doing the same through undue influence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-0239 AG (DTBx) | Date | February 12, 2012 |
|---|---|---|---|
| Title | AFSANEH GIBBS v. JP MORGAN CHASE BANK | | |

Cal. Welf. & Inst. Code § 15610.30(a).

The Court finds that Plaintiff has failed to sufficiently allege facts that show Defendant took, secreted, appropriated, or retained real or personal property from Plaintiff for a *wrongful use of with intent to defraud*.

The Court finds that Plaintiff fails to state a claim for elder abuse.

**7.      Claim 9: Legal Remedies Act**

Defendant asserts that Plaintiff fails to state a claim under the Consumer Legal Remedies Act ("CLRA") because CLRA does not typically apply to mortgages. The Court agrees. *See Mejia v. EMC Mortg. Corp.*, CV 09-4701 CAS CFEX, 2012 WL 367364 (C.D. Cal. Feb. 2, 2012) ("The CLRA does not apply to mortgage loans . . . because a loan is not a good or service.") Tellingly, Plaintiff does not oppose Defendant's argument.

The Court finds that Plaintiff has failed to state a claim under CLRA.

**8.      Claim 10: Rosenthal Fair Debt Collection Practices Act**

Defendant argues that Plaintiff fails to state a claim under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") because RFDCPA does not typically apply to foreclosure or loan modification attempts. (Motion, at 18-19) Again, the Court agrees. *See Rosal v. First Federal Bank of California,* 671 F.Supp.2d 1111, 1135 (N.D.Cal.2009) (holding that foreclosing on a property pursuant to a deed of trust is not "debt collection" for purposes of the RFDCPA); *Macris v. Bank of Am., N.A.*, CV F 11-1986 LJO SKO, 2012 WL 273120 (E.D. Cal. Jan. 30, 2012) (noting that loan origination, loan modification attempts, and foreclosure are not debt collector activity under the RFDCPA).

Defendant also argues that Plaintiff has failed to identify which provision of the RFDCPA Plaintiff is asserting a claim under. (Motion, at 19.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-0239 AG (DTBx) | Date | February 12, 2012 |
|---|---|---|---|
| Title | AFSANEH GIBBS v. JP MORGAN CHASE BANK | | |

Plaintiff does not oppose Defendant's arguments.

The Court finds that Plaintiff has failed to state a claim under the RFDCPA.

**DISPOSITION**

Defendant's Motion is GRANTED in part and DENIED in Part. Plaintiff's second and fourth through tenth claims are DISMISSED. Because Plaintiff has "had several opportunities to amend its complaint and repeatedly failed to cure deficiencies," *Telesaurus,* 623 F.3d at 1003, the Court DENIES Plaintiff leave to amend.

                      :   0

          Initials of Preparer   lmb